**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                         No. CR 07-1047 JB

JORGE POLENDO-DIAZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 4, 2007 (Doc. 21). The Court held a sentencing hearing on October 23, 2007. The primary issue is whether a variance from the advisory guideline sentence is appropriate. For the reasons stated at the hearing, and for reasons consistent with those already stated, the Court will impose a sentence substantially less than a sentence that is within the advisory sentencing guideline range.

## PROCEDURAL HISTORY

Polendo-Diaz filed a sentencing memorandum on October 4, 2007 requesting that the Court grant him a variance based on the factors in 18 U.S.C. 3553(a). See Defendant's Sentencing Memorandum (Doc. 21)("Sentencing Memorandum"). Polendo-Diaz argues that all the factors in 18 U.S.C. 3553(a) counsel for a variance from his Guideline sentence. See Sentencing Memorandum at 2-4. First, Polendo-Diaz argues that the felony conviction which results in a 16-level enhancement happened over twenty years ago, in 1985. See id. at 3. Thus, Polendo-Diaz contends that the age of his crime counsels for a variance. See id.

Polendo-Diaz also contends that his history and characteristics warrant a variance. See id.

Polendo-Diaz was born in Ciudad Juarez, Chihuahua, Mexico, is fifty-three years old, and is one of eight children. See id. His parents and one brother are deceased. See id. All of his other siblings, except for one, live in the United States. See id. His family was very poor and he had to start working at age 13 to help support his family. See id. Polendo-Diaz has worked his entire life, and financially supports his three daughters and four of his grandchildren. See id. He has only the one prior contact with authorities, the incident that occurred over twenty-two years ago. See id.

Polendo-Diaz further argues that a sentence below the Guideline range reflects the seriousness of his offense, promotes respect of the law and provides just punishment. See id. He also argues that a variance from the Guidelines affords adequate deterrence for future criminal conduct. See id. Polendo-Diaz' counsel told the Court that Polendo-Diaz had been incarcerated since February 28, 2007. See id. at 4. Polendo-Diaz represents that his inability to be with and provide for his family has been severe punishment and has deterred any thought of future illegal re-entry. See id. While he has been incarcerated he has also missed the birth of his son and been unable to assist his mother financially with her medical needs. See id. He argues that this separation from and inability to provide for his family has deterred him from future criminal acts. See id.

The United States filed a response to Polendo-Diaz' sentencing memorandum on October 11, 2007. See United States' Response to Defendant's Sentencing Memorandum (Doc. 22)("United States' Response"). In its response, the United States acknowledged the Probation Officer's recommendation for "a deviation because the 16-level enhancement for the predicate crime of violence in this case could be considered excessive in order to achieve the goals of deterrence and the need to protect the public from the crimes of this defendant particularly since the predicate conviction occurred over 21 years ago." Id. at 6. See Presentence Investigation Report ¶ 43 at 11, disclosed on July 13, 2007 ("PSR"). The United States requested, therefore, that the Court fashion

a reasonable sentence such that it will comply with 18 U.S.C. 3553(a). See id.

At the sentencing hearing, Polendo-Diaz requested that the Court take into consideration that, had he not been assessed the 16-level enhancement, he would have received the benefit of a Fast-Track plea agreement which would have resulted in a 2-level downward departure. See Transcript of Hearing at 15:9-16:10 (taken Oct. 23, 2007)("Tr.")(Lopez).[1] At the hearing, the United States stated that, if the Court felt a 2-level reduction was appropriate for such circumstances, the United States would defer to the Court and not object to such a reduction. See Tr. at 16:13-23 (Gontis).

Polendo-Diaz' base offense level is 8. See PSR ¶ 11, at 4. He was assessed a 16-level enhancement pursuant to U.S.S.C. § 2L1.2(b)(1)(A) because he was previously deported after a conviction for a felony that was a crime of violence. See id. ¶ 12, at 4. Polendo-Diaz received a 3 level decrease for acceptance of responsibility. See id. ¶ 17, at 5. The PSR calculated Polendo-Diaz' total offense level to be 21 and his criminal history category as II. See PSR ¶ 38 at 10. The Guideline sentence range is 41 to 51 months. See id.

### RELEVANT LAW REGARDING SENTENCING GUIDELINES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States severed the mandatory provisions from the Federal Sentencing Act, thus making the Guidelines effectively advisory. In excising the two sections, the Supreme Court left the remainder of the Act intact, including 18 U.S.C. § 3553: "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." 543 U.S. at 261.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

18 U.S.C. § 3553(a)(2)(A)-(D). See 18 U.S.C. § 3551 ("[A] defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case."). To achieve these purposes, 18 U.S.C. § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the nature of the offense and the defendant's character; (iii) the available sentences; (iv) a policy favoring uniformity in sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to considerable deference. See Rita v. United States, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"). They are significant because "the

Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses." United States v. Cage, 451 F.3d at 593 (internal quotations omitted).  A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 261-62.

## ANALYSIS

Under post-Booker discretionary sentencing, the Court believes that Polendo-Diaz is entitled to a variance based on the factors in 18 U.S.C. 3553(a).  Because Polendo-Diaz' felony violent crime offense is over twenty years old, the Court believes that the advisory Guideline sentence, with its 16-level enhancement, is an excessive sentence. Furthermore, had Polendo-Diaz not been subject to the significant 16-level enhancement, he would have received a 2-level departure for his acceptance of a Fast-Track plea offer.  For these reasons the Court will grant Polendo-Diaz' request for a variance.  The Court believes that a sentence of 18 months of incarceration is appropriate in Polendo-Diaz' case.

The Court believes that Polendo-Diaz' situation counsels for a variance and will thus grant his request for a variance from the advisory guideline sentence.  The Court is particularly struck by the age of the crime that authorizes the significant 16-level enhancement.  See PSR ¶ 20, at 5-6.  Polendo-Diaz committed his prior felony crime of violence more than 21 years ago.  See id. ¶ 12, at 4-5.  Aside from the prior crime of violence that occurred in 1985, he has no other criminal history.  See id. ¶ 20, 5-6.  While the Court does not want to minimize the seriousness of the 1985 crime for which Polendo-Diaz was convicted,  the Court does believe it is important to note that it was his only prior offense and it occurred a long time ago.

The Court also acknowledges that Polendo-Diaz accepted the government's plea offer, and accepted responsibility for his crime within 30 days of the extension of the plea offer.  See Tr. at 15:15-18 (Lopez).  Under these circumstances, had Polendo-Diaz not received the 16-level enhancement for his past crime, which the Court believes produces, -- in light of the circumstances -- an excessive sentence, Polendo-Diaz would have received the benefit of the Government's Fast-Track plea offer.  Acceptance of a Fast-Track plea offer would have resulted in a 2-level downward departure. Because the Court believes that the Guideline sentence, with the 16-level enhancement, over-represents the seriousness of Polendo-Diaz' prior conviction and that a Guideline sentence, with a 12-level enhancement, would more appropriately account for his prior crime, and because the Court will take into consideration the downward departure Polendo-Diaz would have received had he been eligible for the Fast-Track Plea offer, the Court believes that a sentence consistent with an offense level of 15 would be more appropriate than the advisory Guideline sentence.

The Court has considered all of the factors in 18 U.S.C. 3553(a) including the seriousness of the offense before the Court, the need for a sentence to promote respect for the law and provide just punishment, the need for deterrence, and the need to protect the public.  The Court does not believe that there is a great need for deterrence of Polendo-Diaz' criminal conduct other than deterrence associated with preventing Polendo-Diaz from returning to the United States.  The Court also does not believe that there is a great need to protect the public from Polendo-Diaz, because recidivism decreases as people get older and he has not committed a crime, other than illegally entering into the United States, since 1985.  The Court believes that a sentence consistent with a criminal offense score of 15 -- which would reflect a 12-level enhancement for Polendo-Diaz' prior crime and would be consistent with a 2-level departure for the benefit of accepting a Fast-Track plea agreement-- and a sentence of 18 months of imprisonment is more appropriate than the advisory

-6-

Guideline sentence.

The Court finds that the Guideline sentence range of 41 to 51 months is greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. A sentence of 18 months, however, reflects well all the factors in 18 U.S.C. Section 3553(a).

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum -- that the Court vary, pursuant to the factors in 18 U.S.C. Sec 3553(a), from the advisory sentencing guideline range -- is granted. The Court will sentence the Defendant to 18 months of incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Roberto D Ortega
  Assistant U.S. Attorney
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Floyd W. Lopez
Albuquerque, New Mexico

*Attorney for the Defendant*